IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

ROSEMARIE CASTILLO,

        Plaintiff,

   v.                                                                Civil Action No.
                                                                   1:15-CV-0522 (DEP)

CAROLYN W. COLVIN, Acting Commissioner
 of Social Security,

        Defendant.

APPEARANCES:                       OF COUNSEL:

FOR PLAINTIFF

OLINSKY LAW GROUP            HOWARD OLINSKY, ESQ.
300 S. State Street                  PAUL B. EAGLIN, ESQ.
5th Floor, Suite 520
Syracuse, NY 13202

FOR DEFENDANT

HON. RICHARD S. HARTUNIAN    FERGUS J. KAISER, ESQ.
United States Attorney            Special Assistant U.S. Attorney
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1] Oral argument was heard in connection with those motions on February 9, 2016, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

ORDERED, as follows:

1) Defendant's motion for judgment on the pleadings is

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

GRANTED.

2) The Commissioner's determination that the plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3) The clerk is respectfully directed to enter judgment, based upon this determination, DISMISSING plaintiff's complaint in its entirety.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: February 12, 2016
Syracuse, NY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------x
ROSEMARIE CASTILLO,

                    Plaintiff,

vs.                                1:15-CV-522

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                    Defendant.

------------------------------------x

                *Decision* - February 9, 2016

     James Hanley Federal Building, Syracuse, New York

               HONORABLE DAVID E. PEEBLES,

        United States Magistrate-Judge, Presiding



            A P P E A R A N C E S (by telephone)

For Plaintiff:      OLINSKY LAW GROUP
                    Attorneys at Law
                    300 S. State Street
                    Syracuse, New York 13202
                      BY:  PAUL B. EAGLIN, ESQ.


For Defendant:      SOCIAL SECURITY ADMINISTRATION
                    Office of General Counsel
                    26 Federal Plaza
                    New York, New York 10278
                      BY: FERGUS J. KAISER, ESQ.



               *Eileen McDonough, RPR, CRR*
            *Official United States Court Reporter*
                     *P.O. Box 7367*
                *Syracuse, New York 13261*
                     *(315)234-8546*

1          THE COURT: Thank you both for excellent arguments.
2    This is an interesting case that raises some challenging
3    issues.
4          I have before me a request for judicial review of
5    an adverse determination by the Acting Commissioner pursuant
6    to 42, United States Code, Section 405(g). By way of
7    background, the plaintiff was born in December of 1957. By
8    my math she is currently 58 years old. She is 4-foot
9    10-inches in height and now weighs 190 pounds, although she
10   weighed 140 pounds when she last worked.
11         She has a high school diploma and one year of
12   college education. She has undergone training as a certified
13   nursing assistant, or nurse's assistant, or CNA, and is
14   certificated in that field. She is right-handed, drives, and
15   lives in a cabin with a friend. Her past relevant work
16   includes as a CNA in various settings. The last one
17   apparently was in an oncology unit of a hospital where she
18   worked for some three years, according to her statement to
19   Dr. Rigberg. That's at page 248.
20         She stopped working in 2005. According to her
21   hearing testimony, she was fired. I looked at her hearing
22   testimony. I looked at the statement of Dr. Rigberg. I was
23   not able to definitively find a statement by her that she was
24   fired for lack of concentration. She certainly did testify
25   that she is no longer able to concentrate sufficiently to

1  work in that capacity.
2            She smokes one pack per day of cigarettes.  That's
3  at 253 of the Administrative Transcript.  Medically she
4  suffers from several diagnosed conditions.  She suffers from
5  leg pain.  She reports she also has restless leg syndrome, or
6  RLS.  She suffers from hand tremors and arm tremors of
7  unknown etiology, back pain, left shoulder pain, depression
8  and anxiety, and ADHD.  She's been Effexor since 1995 and
9  that seems to be well controlling her mental condition.  She
10 does suffer from anemia.  In 2004 she underwent a gastric
11 bypass surgery; in 2008 a panniculectomy; in 2009 a breast
12 reduction; 2011 left rotator cuff shoulder surgery; and 2012
13 an operation to repair a hernia.  At various times she's been
14 prescribed Effexor, Pramipexole, Alendronate, Adderall.  She
15 takes Ibuprofen for pain, Flexeril, and she took for
16 approximately one week Gabapentin.
17           Procedurally, the plaintiff applied for disability
18 insurance benefits and SSI payments in April of 2013,
19 alleging an onset date of January 1, 2005.  The hearing was
20 conducted by Administrative Law Judge Katherine Edgell on
21 July 25, 2014.  ALJ Edgell issued a decision on October 30,
22 2014, finding that the plaintiff was not disabled at the
23 relevant times and, therefore, ineligible for benefits.  That
24 opinion became a final determination of the agency when on
25 March 6, 2015 the Social Security Administration Appeals

Council denied plaintiff's application for review.

The Administrative Law Judge in her decision applied the well-established five-step progressive test for determining disability. At step one, after finding that the plaintiff was insured through March 31, 2007, concluded that she was not engaged in any substantial gainful activity since January 1, 2005.

The Administrative Law Judge concluded that plaintiff suffers from several severe conditions at step two, within the meaning of step two, including obesity, status post gastric bypass surgery, status post panniculectomy and breast reduction, cervical disc disease, tremors, affective and anxiety versus attention disorders. She concluded, however, that none of those either individually or collectively met or equaled the listed presumptively disabling conditions in the Commissioner's regulation. After surveying the medical evidence in the record, the ALJ concluded that plaintiff was capable of performing medium work, including the ability to frequently lift and/or carry 25 pounds and occasionally lift and/or carry 50 pounds. She can sit, stand and/or walk for up to six hours in an eight-hour workday. She can do simple repetitive work with occasional interaction with others, but she cannot do work requiring frequent fine fingering due to tremors.

Applying that RFC with the aid of a vocational

1  expert testimony, the Administrative Law Judge concluded
2  after finding that the plaintiff was not able to perform her
3  past relevant work, that she is able to perform in two
4  positions that exist in sufficient numbers in the economy to
5  satisfy the requirements, including cleaner, laboratory
6  equipment and produce weigher.  She, therefore, concluded
7  that plaintiff was not disabled.
8         My task, as you know, is fairly limited.  I must
9  determine whether correct legal principles were applied by
10 the Administrative Law Judge and whether her decision is
11 supported by substantial evidence.  Substantial evidence is a
12 term that is fairly broad.  It is defined as such relevant
13 evidence as a reasonable mind might accept as adequate to
14 support a conclusion.
15         The first argument raised or one of the principal
16 arguments raised was the argument that Dr. Lin should have
17 been recontacted.  Unquestionably, if there are gaps,
18 significant gaps in a record, there's a duty of the
19 Administrative Law Judge, even when the claimant is
20 represented by counsel, to develop the record.  In this case,
21 however, although I agree with plaintiff that it might be
22 interesting to find out what Dr. Lin meant and to have him
23 elaborate on the opinion referenced at page 245 of the
24 Administrative Transcript, the fact is there is no gap in the
25 record as plaintiff conceded.  The lack of a medical source

1  statement from a treating source alone is not fatal.
2          The agency ordered both a psychiatric and a
3  physical consultative exam of the plaintiff.  The plaintiff
4  was found not to have any appreciable physical limitations.
5  She exhibited hand and finger dexterity that were intact and
6  grip strength 5/5 bilaterally.  As I indicated before,
7  Dr. Lin's notes support the ALJ's determination, pages 298 to
8  305.  There is no reference to any significant tremors.  I do
9  agree that there is some indication that the plaintiff does
10 experience some tremors of unknown etiology.  MRI testing
11 failed to reveal any neurological source of those tremors.
12 Dr. Ylagan certainly references the tremors but the ALJ did
13 account for the tremors to a degree by limiting the plaintiff
14 in the area of fine fingering.  So I don't find that there
15 was a failure of the duty to develop the record.
16         In terms of Dr. Rigberg, clearly the Administrative
17 Law Judge by her own account provided or gave great weight to
18 the findings of Dr. Rigberg.  Dr. Rigberg's opinions contain
19 certain limitations, that if you were to take them as gospel
20 without looking beyond Dr. Rigberg, you might say that the
21 RFC findings should have included more of the limitations
22 spelled out by Dr. Rigberg.  But first of all, it's noted
23 that unskilled jobs require only the ability to understand
24 and carry out and remember simple instructions.  Social
25 Security ruling 85-15 sets that out.  And the ALJ went beyond

1  Dr. Rigberg's opinions and noted the lack of medical
2  treatment, the extent of plaintiff's daily activities, and
3  Dr. Lin's opinions, including at pages 298 and 305 of the
4  Administrative Transcript, in limiting the limitations --
5  that's awkward, but limiting the limitations to those that
6  were included in the RFC finding.
7  　　　　　So I don't find error in not including verbatim the
8  limitations spelled out in Dr. Rigberg's opinion.  The RFC is
9  supported by both Dr. Rigberg and Dr. Mescon's consultative
10 reports, as well as the medical evidence in the record,
11 including Dr. Lin's treatment notes and his statement
12 concerning no disability.  And although that speaks to an
13 issue that is reserved to the Commissioner, certainly a
14 treating source saying that the plaintiff is not disabled is
15 entitled to at least some weight.
16 　　　　　The credibility analysis I don't find any fault
17 with.  The plaintiff, really the only statements that I think
18 you could argue were discounted were plaintiff's statements
19 that her mind goes blank, at pages 35 and 36 of the
20 Administrative Transcript, and she cannot concentrate, at
21 page 44.  But there is no indication, for example, that I
22 recognize that not getting treatment can be explained by
23 inability to afford treatment, and certainly the plaintiff
24 did say at one point in the hearing, that I think it was at
25 page 36, that she cannot afford psychiatric treatment, but

1 there is no indication in Dr. Lin's notes anywhere that he
2 recommended that she undergo psychiatric and psychological
3 treatment.  It appears that the prescription of Effexor had
4 sufficed to address her mental limitations.
5          Step five, the determination I find is proper.  The
6 hypothetical posed to the vocational expert tracked the RFC
7 finding, which I conclude is supported by substantial
8 evidence; and therefore, supports the step five
9 determination.
10         So, in sum, although I agree with plaintiff that it
11 would be nice if it could have been explained in greater
12 detail, I recognize the volume that these Administrative Law
13 Judges deal with and we get twenty-page decisions instead of
14 fifty-page decisions, which we would probably get if they
15 went through and discussed every piece of evidence in the
16 detail that would be helpful to us, frankly, as judicial
17 officers.
18         So, in sum, I find that the decision is supported
19 by substantial evidence, correct legal principles were
20 applied, and I'll grant defendant's motion for judgment on
21 the pleadings, affirming the decision of the ALJ and
22 Commissioner, and dismissing plaintiff's complaint.
23         Thank you both for excellent, excellent
24 presentations.
25         MR. EAGLIN:  Thank you, Your Honor.

1                MR. KAISER:  Thank you, Your Honor.

2                    *           *           *

3

4                    C E R T I F I C A T I O N

5

6           I, EILEEN MCDONOUGH, RPR, CRR, Federal Official

7    Realtime Court Reporter, in and for the United States

8    District Court for the Northern District of New York,

9    do hereby certify that pursuant to Section 753, Title 28,

10   United States Code, that the foregoing is a true and correct

11   transcript of the stenographically reported proceedings held

12   in the above-entitled matter and that the transcript page

13   format is in conformance with the regulations of the

14   Judicial Conference of the United States.

15

16

17

18                              _____

19                              EILEEN MCDONOUGH, RPR, CRR
                                Federal Official Court Reporter
20

21

22

23

24

25